1   McGREGOR W. SCOTT
United States Attorney
2   ROGER YANG
Assistant United States Attorney
3   501 I Street, Suite 10-100
Sacramento, CA 95814
4   Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5
Attorneys for Plaintiff
6   United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-126 MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| LASHAWNDRA WALKER, | DATE: October 29, 2020 |
| Defendant. | TIME: 10:00 a.m. |
| | COURT: Hon. Morrison C. England, Jr. |

16

17        This case is set for status hearing on October 29, 2020.  On May 13, 2020, this Court issued

18   General Order 618, which suspends all jury trials in the Eastern District of California "until further

19   notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20   U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21   judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22   May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23   were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

1   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5   findings on the record "either orally or in writing").

6          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24         In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27  _____

28         [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1  for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3  **STIPULATION**

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1.     By previous order, this matter was set for status on October 29, 2020.

7  2.     By this stipulation, defendant now moves to continue the status conference until

8  December 17, 2020, and to exclude time between October 29, 2020, and December 17, 2020, under 18

9  U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

10  3.     The parties agree and stipulate, and request that the Court find the following:

11  a)     The government has represented that the discovery associated with this case

12  includes significant electronic evidence, reports, and spreadsheets concerning loss, including

13  11,967 Bates stamped pages of discovery and 3 audio CDs. All of this discovery has been either

14  produced directly to counsel and/or made available for inspection and copying.

15  b)     Counsel for defendant desires additional time to analyze individual entries in the

16  loss spreadsheets for an alternative loss calculation.  Defendant has proposed an alternative loss

17  calculation.  Defendant will be providing the basis for the alternative loss calculation to the

18  government, and both parties are continuing to investigate the loss calculation.

19  c)     Counsel for defendant believes that failure to grant the above-requested

20  continuance would deny her the reasonable time necessary for effective preparation, taking into

21  account the exercise of due diligence.

22  d)     The government does not object to the continuance.

23  e)     In addition to the public health concerns cited by the General Orders and

24  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

25  ends-of-justice delay is particularly apt in this case because the defendant is in Las Vegas and

26  travel to meet and confer has been limited.

27  ///

28  ///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    f)    Based on the above-stated findings, the ends of justice served by continuing the

2    case as requested outweigh the interest of the public and the defendant in a trial within the

3    original date prescribed by the Speedy Trial Act.

4    g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5    et seq., within which trial must commence, the time period of October 29, 2020 to December 17,

6    2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

7    T4] because it results from a continuance granted by the Court at defendant's request on the basis

8    of the Court's finding that the ends of justice served by taking such action outweigh the best

9    interest of the public and the defendant in a speedy trial.

10    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

11   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12   must commence.

13    IT IS SO STIPULATED.

14

15

16    Dated:  October 26, 2020                McGREGOR W. SCOTT
                                               United States Attorney

17

18                                             /s/ ROGER YANG
                                               ROGER YANG
19                                             Assistant United States Attorney

20

21    Dated:  October 26, 2020                /s/ TONI WHITE
                                               TONI WHITE
22                                             Lashawndra walker

23

24                          **FINDINGS AND ORDER**

25    IT IS SO ORDERED.

26   Dated:  October 27, 2020

27                                             _____
                                               MORRISON C. ENGLAND, JR.
28                                             SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT